IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL NO.: 2:25-cr-00789-BHH |
| ) | |
| v. ) | |
| ) | |
| LUIS HUMBERTO TEJADA ARITA ) | |

**PRELIMINARY ORDER OF FORFEITURE
AS TO LUIS HUMBERTO TEJADA ARITA**

This matter is before the court on the motion of the United States for a Preliminary Order of Forfeiture as to Defendant Luis Humberto Tejada Arita, ("Arita", "Defendant"), based upon the following:

1. On June 12, 2025, an Indictment was filed charging Arita with being an illegal alien who knowingly possessed firearms, in violation of Title 18, United States Code, Sections 922(g)(5)(A) and 924(a)(8).

2. Pursuant to Fed. R. Crim. P. 32.2(a), the Indictment contained a forfeiture allegation providing that, upon Arita's conviction, certain properties enumerated therein, or equivalent substitute assets, would be subject to forfeiture to the United States. As specified therein, such assets include, but are not limited to, the following:

    A.    <u>Firearms</u>:

        1)  Marlin rifle model X7 .243 Winchester
        Serial Number: MM05878S

        2)  Remington model 870 20-gauge shotgun
        Serial Number: CC07369F

        3)  Smith and Wesson .38 caliber pistol
        Serial Number: 519797

      B.    <u>Ammunition</u>:

        1) Miscellaneous rounds of .223 ammunition

        2) Miscellaneous rounds of 20-gauge shotgun rifled slug ammunition

3.    On September 17, 2025, Arita will enter a plea of guilty to Count 1 of the Indictment.

4.    Based upon Defendant's conviction, the court has determined that the property described above is subject to forfeiture, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c).

5.    The court has determined that the government has established the requisite nexus between the said property subject to forfeiture and the offense for which Arita has been convicted; therefore, the United States is entitled to a preliminary order of forfeiture, subject to the provisions of 21 U.S.C. § 853 governing third party rights.

Accordingly, it is hereby **ORDERED,**

1.    The below-described property, and all right, title, and interest of the Defendant, Luis Humberto Tejada Arita, in and to such property, is hereby forfeited to the United States of America, for disposition in accordance with law, subject to the rights of third parties in such property under 21 U.S.C. § 853(n):

      A.    <u>Firearms</u>:

        1) Marlin rifle model X7 .243 Winchester
Serial Number: MM05878S

        2) Remington model 870 20-gauge shotgun
Serial Number: CC07369F

        3) Smith and Wesson .38 caliber pistol
Serial Number: 519797

        B.    <u>Ammunition</u>:

            1) Miscellaneous rounds of .223 ammunition

            2) Miscellaneous rounds of 20-gauge shotgun rifled slug ammunition

2. Upon entry of this Order, the United States Attorney is authorized to conduct proper discovery in identifying, locating, or disposing of the described property, in accordance with Fed. R. Crim. P. 32.2(b)(3); and to commence proceedings that comply with statutes governing third party rights, if applicable.

3. The United States shall publish notice of this Order and its intent to dispose of the personal property in such manner as the Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the said property.

4. Upon entry of this Order, the United States is authorized to seize the above-described property as directed by the United States Attorney's Office and to commence proceedings that comply with statutes governing third party rights.

5. Any person, other than the named Defendant, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6) and Fed. R. Crim. P. 32.2(c).

6. Any petition filed by a third party asserting an interest in the above-described property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and

circumstances of the petitioner's acquisition of the right, title or interest in such property, and additional facts supporting the petitioner's claim and the relief sought.

7. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

8. The United States shall have clear title to the property following the court's determination of all third party interests, or, if no petitions are filed, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

9. The court shall retain jurisdiction to resolve disputes which may arise and to enforce and amend this Order as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

10. Upon entry of the criminal judgment, this Order becomes final as to Defendant and shall be made a part of the sentence and included in the criminal judgment.

11. The Clerk, United States District Court, shall provide one (1) certified copy of this Order to the United States Attorney's Office.

AND IT IS SO ORDERED.

                                              s/ Bruce Howe Hendricks
                                             BRUCE HOWE HENDRICKS
                                             UNITED STATES DISTRICT JUDGE

September 9, 2025
Charleston, South Carolina